411 P.2d 132

EASTERN UTAH DEVELOPMENT COMPANY, a corporation, Plaintiff and Respondent,

v.

GENERAL INSURANCE COMPANY OF AMERICA, a corporation, and Fred Reynolds, Defendants and Appellants.

No. 10359.

Supreme Court of Utah.

Feb. 28, 1966.

F. Robert Bayle, Salt Lake City, for appellants.

Hansen & Garrett, Salt Lake City, for respondent.

WADE, Justice.

The plaintiff, Eastern Utah Development Company, a corporation, brought this action to recover on a bond to guarantee the payment of obligations on the construction of an irrigation ditch for the Koosharem Irrigation Company, and obtained a judgment for more than $29,000 with interest, costs and attorneys fees. The defendant appeals from this judgment claiming that as a matter of law Eastern Utah Development Company was a joint venturer or partner with the defendant, Fred Reynolds, and therefore to terminate the partnership or joint venture is the only remedy available to plaintiff, and that plaintiff cannot in any event recover on its own bond.

The case was tried by a jury by answers to special interrogatories as follows:

"There is evidence relating to a talk between Mr. Fausett and Mr. Reynolds in the latter's trailer some time in the summer of 1962 when Mr. Fausett stated he wanted to get out of the job. Plaintiff contends it took place about 17–20 of June. Defendant contends that it took place in August.

1. On which of said dates did the said talk take place?

Answer: June ___ Foreman's Signature

2. In the said talk between Mr. Fausett and Mr. Reynolds, did they agree that their original agreement would be modified in future conduct of the job, in that the Eastern Utah Development Company equipment would remain on the job until completion of it, but that, instead of sharing in the profits, Eastern Utah Development Company would receive from Mr. Reynolds rental payments for said equipment during its use?

Answer: Yes ___ Foreman's Signature

3. In the meeting between Mr. Fausett and Mr. Reynolds, did they agree that their original arrangement would be completely terminated as of that time; that Mr. Reynolds would take the job over himself, but that Mr. Reynolds would be permitted to continue to use the equipment of Eastern Utah Development Company on a rental-payment basis?

Answer: <u>No</u>    Foreman's Signature"

The trial judge made no findings of fact, but in a memorandum decision after considering the defendant's motion for a directed verdict in their favor because of claimed inconsistencies in the jury's answers to questions 2 and 3, the court held that the answers to those questions were not inconsistent. A careful study of these answers convinces us that such answers are inconsistent and indefinite and a new trial should be granted.

In answer to interrogatory number 2, the jury said "yes," that in the talks between Mr. Fausett and Mr. Reynolds they agreed that the original agreement would be modified in future conduct of the job in that the Eastern Utah Development Company equipment would remain on the job until completion of it, but that instead of sharing in the profits, Eastern Utah Development Company would receive from Mr. Reynolds rental payments for said equipment during its use. But, in answer to interrogatory number 3, the jury answered, "no," that in the meeting between Mr. Fausett and Mr. Reynolds they did not agree that their original arrangement would be completely terminated as of that time; that Mr. Reynolds would take the job over himself, but that Mr. Reynolds would be permitted to continue to use the equipment of Eastern Utah Development Company on a rental payment basis.

Interrogatory number 3 contains three questions. Did the jury intend to answer "no" to all three of these questions? If so, their answers seem inconsistent with the answer to number 2. While we conclude that Fausett and Reynolds could in these conversations have modified or terminated their original joint venture arrangement, if such was their understanding and agreement,[1] without a finding of fact by the court or by the jury, with more clarity on this issue than appears in this case, it should be tried over again and their agreement and intentions clarified.

It is so ordered. No costs awarded.

HENRIOD, C. J., and McDONOUGH and CROCKETT, JJ., concur.

CALLISTER, Justice (dissenting).

I would reverse the judgment of the lower court. In my opinion the jury's answers to Interrogatories 2 and 3 are consistent. In answering No. 2 in the affirmative the jury found that the joint venture agreement was *modified*. By answering No. 3 in the negative it found that the agreement had not been *terminated*. The agreement not having been terminated, plaintiff is precluded from recovering on the bond.

1. 30 Am.Jur., Joint Adventure, Sec. 28, p. 959; 68 C.J.S. Partnership § 12, p. 420.